# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRI MCNEILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-957-L |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits. Pursuant to an order entered by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on January 17, 2007, alleging that she became disabled as of September 6, 2006, due to depression. Tr. 98, 139. The application was denied on initial consideration and on reconsideration at the administrative level. Tr.61, 62, 63-66, 71-73. Pursuant to Plaintiff's request, a hearing was

held before an administrative law judge on October 23, 2008. Tr. 22-60. Plaintiff appeared in person and with her attorney, and she offered testimony in support of her application. Tr. 24, 28-49. A vocational expert also testified at the request of the administrative law judge. Tr. 52-59, 94. The administrative law judge issued her decision on March 2, 2009, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to disability insurance benefits. Tr. 7-9, 10-21. Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated July 6, 2009, denied her request. Tr. 1-3. Thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 1.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence." Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."
>
> "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative

---

[1] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

2

> law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments."An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

**III. DECISION OF THE ADMINISTRATIVE LAW JUDGE**

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 11-12. She first found that Plaintiff had not engaged in substantial gainful activity since September 6, 2006, the alleged disability onset date. Tr. 12. At steps two and three, the administrative law judge found that Plaintiff suffered from affective mood disorder (depression), diabetes mellitus with slight diabetic neuropathy, hypertension, and obesity, and found that these disorders were severe, but she also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 12-16. The administrative law judge also found that Plaintiff suffered from the following non-severe impairments: headaches, carpal tunnel syndrome, abdominal pain, back pain, and TMJ. Tr. 14. The administrative law judge next found that Plaintiff had the residual functional capacity to perform less than a full range of light work, and that she can occasionally climb, balance, kneel, crouch, crawl, and stoop. Tr. 16. She found that Plaintiff should be limited to simple one, two, and three step tasks, with no customer service or public contact. Tr. 16. The administrative law judge found at step four of the sequential evaluation process that Plaintiff could perform her past relevant work of bindery machine feeder and housekeeping cleaner. Tr. 20. Accordingly, the administrative law judge found that Plaintiff was not disabled and was not entitled to disability insurance benefits. Tr. 20.

## IV. DISCUSSION

Plaintiff raises four claims of error on appeal. First, she asserts that the administrative law judge erred in failing to evaluate her low Global Assessment Functioning ("GAF") scores by concluding that those scores were irrelevant to the process of evaluating a disability claim. Plaintiff's Opening Brief, 5-7. In this regard, Plaintiff points to a GAF score of 40 on September 2, 2008, September 29, 2008 and October 7, 2008 and a GAF score of 45 on October 15, 2008. Tr. at 506-16. She states that the administrative law judge mentioned but never discussed the meaning of the GAF scores, which she states describe the severity of her symptoms. Plaintiff states that GAF scores of 50 or less suggest an inability to keep a job, citing Oslin v. Barnhart, No. 02-5116, 69 Fed. Appx. 942 (10th Cir. July 17, 2003)[2] and DSM-IV-TR at 34.

As her second claim of error, Plaintiff asserts that the administrative law judge failed to properly evaluate her credibility, arguing that her failure to stop smoking, on which the administrative law judge relied in part, is an "unreliable basis on which to rest a credibility determination," considering the addictive nature of cigarettes. Opening Brief at pp. 7-8 (quoting Shramek v. Apfel, 226 F.3d 809, 813 (7th Cir. 2000)). She also argues that the administrative law judge's focus on her statement to Dr. Al-Khouri that she told St. Anthony workers she was suicidal when she was not is "odd" given that Dr. Al-Khouri obviously

---

[2]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

believed Plaintiff required in-patient hospitalization and there is no reference in the St. Anthony records to support such a claim. Id. at 8.

Third, Plaintiff argues that the administrative law judge failed to give proper weight to treating physicians' opinions, specifically those of Drs. Blue, Nael, Al-Khouri and Foote, and failed to explain why the opinion of Dr. Pearce, a Social Security, non-examining physician, deserved more weight than those of the treating physicians. Plaintiff's Opening Brief, 9. Moreover, Plaintiff asserts that reversal is required to give fair consideration to a letter submitted after the administrative hearing by Dr. Foote in support of Plaintiff's disability claim. Id. at 10 (citing Tr. 517).

Fourth, and finally, Plaintiff asserts that the administrative law judge's decision that Plaintiff retained the residual functional capacity ("RFC") to perform light work is not supported by substantial evidence because overwhelming evidence in the record shows Plaintiff's social anxiety, low energy, and difficulty concentrating, demonstrate an ongoing and permanent mental impairment which prevents her from performing full time work activity. Plaintiff's Opening Brief, 10-11.

### A.  EVALUATION OF PLAINTIFF'S GAF SCORES

The administrative law judge specifically noted the GAF scores of 40 and 45 assigned to Plaintiff by Dr. Foote. Tr. 18. However, no narrative explanation accompanies the GAF scores and the mental status exams on the dates those scores were assigned were inconsistent with such low scores. See e.g., Tr. 510 ("Alert & Oriented X 4 . . . Mood depressed. Affect blunted, appropriate, congruent . . . Thought process logical & coherent. Thought content

without apparent delusions. . . Recent & remote memory intact. Insight & judgment fair. Demonstrated abstract cognitions, average intelligence."); Tr. at 508 (same); Tr. at 506 (same). A GAF score without narrative explanation does not necessarily show the existence of an impairment that seriously interferes with a clamant's ability to work. Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 2002). See e.g., Cainglit v. Barnhart, No. 03-7004, 85 Fed. Appx. 71, 75 (10th Cir. Dec. 17, 2003) ("In the absence of any evidence indicating that [the mental health professional] assigned these GAF scores because they perceived an impairment in [claimant's] ability to work, the scores, standing alone, do not establish an impairment seriously interfering with [claimant's] ability to perform basic work activities."). And as the administrative law judge stated, "[t]he global assessment of functioning . . . is not intended for forensic purposes, such as an assessment of disability or competency or the individual's control over such behavior." Tr. 19 (citing DSM-IV, xxiii and xxvii).

The case relied upon by Plaintiff, Oslin v. Barnhart, No. 02-5116, 69 Fed. Appx. 942, 947 (10th Cir. July 17, 2003), is distinguishable from the facts presented here. In Oslin, the Tenth Circuit noted that an assessment form completed by the claimant's psychiatrist and case manager indicated that the claimant would have marked to moderate limitations "in performing basic work functions." Id. at 946. As the Court explained: "[a]lthough the GAF rating may indicate problems that do not necessarily relate to the ability to hold a job, [the psychiatrist and case manager] indicated Oslin could not work or his impairments interfered with his ability to keep a job" and that "GAF scores of 50 or less do suggest an inability to

7

keep a job." Id. at 947. Accordingly, the decision of the Commissioner was reversed because the administrative law judge "did not discuss the GAF scores and did not provide a reason to disregard the opinion of Oslin's treating source in this respect." Id. In this case, the administrative law judge noted Plaintiff's GAF scores and gave clear reasons for not according them weight. Tr. 18-19. Moreover, Dr. Foote never opined that Plaintiff is unable to work as a result of a mental impairment and/or her GAF scores. Plaintiff's argument concerning her GAF scores amounts to asking the Court to reweigh the evidence in her favor, something the Court cannot do. See Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). Plaintiff has failed to show that the administrative law judge's treatment of her GAF scores was in error.

### B. CREDIBILITY EVALUATION

"When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Rule 96-7p, 1996 WL 374186, at *1. Such credibility determinations are within the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Some of the factors that may be considered in assessing a claimant's credibility as to her subjective complaints include (1) her daily activities; (2) the

8

location, duration, frequency, and intensity of her symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication she receives or has received for relief of symptoms; (5) treatment, other than medication, the claimant has received for relief of symptoms; and (6) any measures other than treatment the individual uses or has used to relieve symptoms. Social Security Ruling 96-7p, 1996 WL 374186, *3; 20 C.F.R. § 404.1529(c)(3); Kepler, 68 F.3d at 391; Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which she relies. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). She is not, however, required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record. Id.

In this case, Plaintiff faults the administrative law judge for considering the fact that Plaintiff continues to smoke a pack of cigarettes a day even though she had been urged by several physicians to quit as undermining Plaintiff's credibility. She asserts that failure to stop smoking is an "unreliable basis on which to rest a credibility determination," considering the addictive nature of cigarettes and its impact upon the ability to stop smoking. Plaintiff's Opening Brief, 7-8 (quoting Shramek v. Apfel, 226 F.3d 809, 813 (7th Cir. 2000)). While Plaintiff accurately represents the holding in Shramek, the Tenth Circuit has held that the failure to comply with doctors' directions, including those to quit smoking, may properly be considered in assessing a claimant's credibility. Luna v. Bowen, 834 F.2d at 165; Sims v. Apfel, No. 98-7078, 1999 WL 55334 at *3 (10th Cir. Feb. 8, 1999). See also Choate v. Barnhart, 457 F.3d 865, 872 (8th Cir. 2006); Moreover, in assessing Plaintiff's

9

credibility, the administrative law judge did not rely exclusively on Plaintiff's failure to follow directions to quit smoking. The administrative law judge also observed that Plaintiff had cancelled three appointments with Dr. Foote and had admitted to Dr. Foote that she lied to St. Anthony workers telling them she was suicidal when she was not so she could get treatment. Tr. 18, 511, 513. These factors are properly considered in assessing Plaintiff's credibility. The administrative law judge further considered Plaintiff's daily activities, Tr. 17, 125, the type, dosage and effectiveness of medication for Plaintiff's depression, Tr. 18-19, and whether the intensity, persistence and functional limitations of Plaintiff's symptoms as reported by Plaintiff were consistent with the objective medical findings. Tr. 18-19.

In summary, the administrative law judge found that Plaintiff had underlying physical or mental impairments that could reasonably be expected to produce pain or other symptoms; however, upon consideration of the Kepler factors, she found that the Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the administrative law judge's RFC determination, and she set forth the specific evidence she relied upon in making that finding. The administrative law judge's credibility determination, which is peculiarly within her province as fact finder, was supported by and closely linked to substantial evidence; consequently, the Court should not upset that determination. See e.g., Wall v. Astrue, 561 F.3d 1048, 1067 (10th Cir. 2009) (citing Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996)). The administrative law judge's credibility determination was proper.

## C. WEIGHT GIVEN TO TREATING PHYSICIANS' OPINIONS

Plaintiff next argues that the administrative law judge erroneously failed to give substantial weight to the opinions of four treating physicians – Drs. Blue, Nael, Al-Khouri and Foote – to the effect that she cannot work. Plaintiff asserts that their statements are entitled to substantial weight if supported by substantial evidence of record, that is, evidence not overwhelmed by other evidence and which is not a mere conclusion not based upon real evidence. Plaintiff's Opening Brief, 9 (citing Turner v. Heckler, 754 F.2d 326, 328 (10th Cir. 1985) and Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985)). Plaintiff also faults the administrative law judge for failing to explain why she gave the opinion of Dr. Pearce, a non-examining, non-treating physician more weight than those of treating physicians when it is, she claims, merely an "unsupported conclusion." Id. at 10.

Treating source medical opinions are entitled to deference, and must be either given controlling weight or assigned some lesser weight "using all of the factors provided in 20 C.F.R. 404.1527...." Social Security Ruling ("SSR") 96-2p. 1996 WL 374188, at *4. To ensure that the opinion of a treating physician receives proper deference, an administrative law judge must engage in a sequential analysis when performing her review of such opinions. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).

First, the administrative law judge must determine whether the opinion deserves controlling weight. Id. Controlling weight must be given if the opinion is both supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Watkins, 350 F.3d at 1300.

If the medical opinion is not entitled to controlling weight, it is still entitled to deference and must be weighed "using all of the factors provided in 20 C.F.R. § 404.1527 ....." Watkins, 350 F.3d at 1300. Further, the administrative law judge must give good reasons in the decision for the weight she ultimately assigns to the opinion. Id. at 1301. As summarized in Watkins, the regulatory factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [administrative law judge's] attention which tend to support or contradict the opinion.

350 F.3d at 1301 (internal quotation marks omitted). Although the decision need not include an explicit discussion of each factor, the record must reflect the weight the administrative law judge gives to the opinion and the reasons for that weight. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). The decision must articulate the administrative law judge's reasoning such that later reviewers can identify both the weight that was actually assigned to the opinion and the reasons for that weight. SSR 96-2p, 1996 WL 374188, at *5. Finally, if the administrative law judge rejects the opinion completely, she must give "specific, legitimate reasons" for doing so. Watkins, 350 F.3d at 1301.

In this case the administrative law judge considered Dr. Foote's opinions concerning Plaintiff's ability to do work-related activities (mental) "probative" but she did not give her opinions "controlling weight" or "a great deal of deference" because they were not supported by Dr. Foote's own treatment records and other evidence in the record as a whole; Dr. Foote had only treated Plaintiff for one month; and Plaintiff had responded well to treatment with Zoloft. Tr. 19. The administrative law judge stated, however, that she did assign some weight to Dr. Foote's opinion that the claimant's ability to understand, remember and carry out instructions was moderately affected by the claimant's mental impairment, which was consistent with Dr. Pearce's opinion and the evidence of record. Id.

The administrative law judge did not give controlling or substantial weight to Dr. Blue's and Dr. Nael's statements made in relation to private disability insurance because their "opinions encroach on an issue reserved to the Commissioner – the ultimate issue of disability." Tr. 19. While the Tenth Circuit has not addressed the issue of an examining or treating physician's opinions in relation to private disability insurance coverage, other circuits have held that this type of evidence lacks value in a Social Security disability inquiry. See Hartranft v. Apfel, 181 F.3d 358, 362 (3rd. Cir. 1999) (statement made in connection with workers' compensation claim); Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995) (disability payments from his employer's insurance carrier). However, the Tenth Circuit, while noting that other agencies' findings are not binding on the Commissioner, has stated that it is evidence the Commissioner must consider. Grogan v. Barnhart, 399 F.3d 1257, 1262-63 (10th Cir. 2005); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The

undersigned notes that Dr. Barney E. Blue, D.O., is a family physician who merely formed the impressions that Plaintiff suffered from "Depression Anxiety" and "Lumbar Radiculitis," Tr. 229, 234-36, 237 and referred Plaintiff to a psychiatrist. See Tr. 239, 240-41. His multiple statements that Plaintiff "cannot go to work – because of depression," Tr. 239, and that "patient needs to be off work," Tr. 254, 255, 256, 257, 259, are not supported by any clinical findings concerning the nature and severity of Plaintiff's symptoms and findings as to whether her symptoms affected her ability to concentrate, relationships with others and other behaviors impacting her ability to work. Dr. Nael's statement to Met Life is dated November 29, 2006, see Tr. 278-79, and he indicated therein that with medication and therapy the claimant was getting better. Id. at 278. As noted by the administrative law judge, Dr. Nael reported that the Plaintiff was "wonderful," had had a good Christmas holiday, was ready to return to work, and that her depression had improved. Tr. 13, 318. Thus, the administrative law judge considered the statements made by Dr. Blue and Dr. Nael to the private disability insurance carrier, but she explained why she did not find them persuasive as to disability. Tr. 13.

Contrary to Plaintiff's assertion, the administrative law judge did not ignore medical evidence from Dr. Al-Khouri. See Tr. 13. However, the records from Dr. Al-Khouri's office are minimal, see Tr. 280-309, 344-52, 380-81, 425-27, and are for the most part records prepared and signed by Sue Rollins, ANRP or a P.A. or other employee of Hope Community Services, Inc. rather than by Dr. Al-Khouri. Plaintiff refused to follow Dr. Al-Khour's instructions when she was hospitalized at St. Anthony's, and insisted on leaving against

14

medical advice. Tr. 13; see Tr. 430. Dr. Al-Khouri discharged Plaintiff against medical advice and provided no prescription medication and no follow-up appointment. Tr. 430.

Plaintiff misrepresents the Social Security examining physician Dr. Smallwood's, statement. See Opening Brief at p. 10. Dr. Smallwood did not say that he thought disability benefits should be allowed under Listing 12.04; he simply posed the following question: "Is an allowance under 12.04 using A1abcef and B123 appropriate?" Tr. 338.

The administrative law judge did not fail to give reasons as to why she accorded Dr. Pearce's opinion more weight than those of treating physicians, as Plaintiff asserts. The administrative law judge stated that she assigned great weight to his opinions because they were consistent with the evidence of record. Tr. 18. She also observed that Dr. Pearce had reviewed the "evidence in the record" and that another psychologist fully concurred with Dr. Pearce's opinions after reviewing the medical record. Id.. In contrast, for example, the administrative law judge found that Dr. Foote's opinions in a "Medical Source Statement of Ability to do Work-Related Activities (Mental)" form, were not consistent with her own treatment records and other evidence in the record. Id. at 19. She cited as examples Dr. Foote's opinions that the Plaintiff had a limited ability to interact with others but no limitations in dealing with the public, whereas Dr. Foote's treatment records referenced Plaintiff's ability to maintain relationships as one of her strengths and that the Plaintiff was able to maintain societal obligations. Id. Although the administrative law judge gave some weight to Dr. Foote's opinion that Plaintiff's ability to understand, remember and carry out instructions was moderately affected by Plaintiff's impairment because it was consistent with

15

Dr. Pearce's opinion and the evidence of record, the administrative law judge assigned more weight to Dr. Pearce's opinions concerning Plaintiff's abilities to relate to the general public, relate to peers and supervisors, and adapt to a work situation. Id.

Plaintiff suggests that reversal is required "to give fair consideration of the new evidence from Dr. Foote (Tr. 517)." Opening Brief at p. 10. The "new evidence" to which Plaintiff refers is a letter dated April 2, 2009 from Dr. Foote to Plaintiff's attorney which was submitted to the Commissioner and placed in the administrative record after the October 23, 2008 hearing and after the decision by the administrative law judge on March 2, 2009. See Tr. 10-21, 26-27, 49-51. The Appeals Council properly considered the "new" evidence, but determined that the information did not provide a basis for changing the decision of the administrative law judge. Tr. 1-2, 4. See O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994) (new evidence submitted to the Appeals Council becomes part of the administrative record to be considered when evaluating the Commissioner's decision for substantial evidence.). Specifically, the Appeals Council noted that the additional medical records were consistent with the reports considered by the administrative law judge and did not establish any further limitations than those found by her. Tr. 2. Moreover, the letter does not say what Plaintiff suggests it says – that Plaintiff "cannot work due to difficulty concentrating, social anxiety, difficulty completing tasks and low energy." Opening Brief at p. 7 (citing Tr. 517). Rather, the letter states that Plaintiff continues to be unable to get a job, which according to Dr. Foote is due to continued symptoms of difficulty concentrating, social anxiety, difficulty

16

completing tasks, and low energy. Tr. 517. For these reasons, Plaintiff's claim of error related to the weight assigned to the opinions of her treating physicians is without merit.

## D. WHETHER THE RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The administrative law judge specifically found that "the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 C.F.R. § 404.1567(b)" and that she "can occasionally climb, balance, kneel, crouch, crawl, and stoop." Tr. 16. She further found that the "claimant can perform simple one-two-three step tasks" but "cannot perform customer service" or have "public contact." Id. The administrative law judge's findings as to Plaintiff's RFC are supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support them and which is not overwhelmed by other evidence in the record. See Wall v. Astrue, 561 F.3d at 1052.

In making her finding, the administrative law judge specifically stated that she had considered all of the claimant's symptoms to the extent that they can reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Rulings ("SSR") 96-4p and 96-7p, and that she had considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. Tr. 16. In determining Plaintiff's RFC, the administrative law judge considered Plaintiff's testimony concerning her subjective symptoms, the medical opinions, treatment notes and GAF scores for Plaintiff of Dr. Elizabeth Foote, statements of Dr. Blue and Dr. Nael provided to Met Life for private

17

disability compensation, the Mental RFC Assessment of one consulting psychologist, the mental evaluation by another consulting psychologist concurring with that Mental RFC Assessment, and the consultative physical examination performed by Dr. Stephanie Burgess. Tr. 17-20. The administrative law judge found that objective medical evidence indicated that Plaintiff's "physical examinations were largely normal" but that Plaintiff had some limitations due to obesity and mild diabetic neuropathy. Tr. 17. The administrative law judge found that Plaintiff's mental impairment of depression could reasonably be expected to produce some of the symptoms to which Plaintiff testified, but that Plaintiff's statements about the intensity, persistence and limiting effects of those symptoms were not credible to the extent they were not substantiated by objective medical evidence and the administrative law judge's RFC assessment. See id. The administrative law judge did not give Dr. Foote's "Medical Source Statement of Ability to do Work-Related Activities (Mental)" form great deference or controlling weight because it was to some extent inconsistent with Dr. Foote's own treatment records and other evidence, which the administrative law judge explained in detail. Tr. 19. The administrative law judge gave good reasons for the weight assigned Dr. Foote's opinions, including the length of the treatment relationship, the failure to account for Plaintiff's responsiveness to treatment with Zoloft, inconsistencies between Dr. Foote's opinions and her own treatment records, and consistency and inconsistency between her opinion and other relevant evidence or the record as a whole. See 20 C.F.R. §§ 404.1527; Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). Plaintiff's fourth claim is therefore without merit.

18

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of the Court by June 2, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 13th day of May, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE